UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATRINA HOLLINS, for herself and as the parent
and natural guardian of her minor children
A.C. and S.W.

                                 Plaintiffs,

      -against-

THE CITY OF NEW YORK, a municipal corporation;
Karanlall (Neil) Brijbukhan, Shield # 660,
Jenny Ann Nelson, Shield # 4900,
Doug Williams, Shield # 5617,
George Wolfrom, Shield # 24893,
Jorge Morel, Shield # 21184,
Frank Chiodi, Shield # 2201,
Edwin Galan, Shield # 5983,
Kevin Canavan, Shield # 13062,
Claudio Ramirez, Shield # 3804,
Donald Boller,
Lieutenant Ryan,
Lori Pollock,
John and Jane Does individually and as Police and
Supervisory Officers of the New York City Police
Department, the identity and number of which is
presently unknown,

                                 Defendants.
------------------------------------------------------------------X

10 CV 1650 (PAE)(KNF)

**SECOND AMENDED COMPLAINT**



**JURY TRIAL DEMANDED**

       Plaintiffs, Katrina Hollins for herself and as the parent and natural guardian of her minor children, A.C. and S.W., by their attorney, Glenn A. Wolther, as and for their complaint allege as follows:

1.    This is a civil rights action for damages and other relief brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, for violations of the Fourth and Fourteenth Amendments to the United States Constitution, and the Laws of the State of New York, against police officers and personnel of the Police Department of the City of New York ("NYPD") and the City of New York ("NYC").

## Jurisdiction & Venue

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(3), and the pendant and supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 367, to entertain claims arising under state law. Jurisdiction to grant a declaratory judgment is conferred by 28 U.S.C. §§2201-2202 and Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is properly laid in this District in that the defendant NYC resides within this district.

4. An award of costs and attorneys fees is authorized pursuant to 42 U.S.C § 1988.

5. On or about February 27, 2009, a Notice of Claim was timely served upon municipal defendant NYC.

6. More than thirty days have passed since service of the Notice of Claim, and adjustment or payment thereof has been neglected.

## Parties

7. Plaintiff, Katrina Hollins, a black female, is a resident of New York City and the mother and natural guardian of the infant plaintiffs, A.C. and S.W..

8. Plaintiff, A.C., a black female infant, is a resident of New York City.

9. Plaintiff, S.W. a black male infant, is a resident of New York City.

10. At all times material herein, the defendant NYC, was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The NYPD is a non-suable subdivision of NYC and its employees are employees of NYC. The NYPD and NYC receive federal funding.

11. At all times material hereinafter mentioned, Defendant Karanlall (Neil) Brijbukhan, (Shield No. 660) was a Police Officer employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Brijbukhan in his personal and official capacities.

12. At all times material hereinafter mentioned, Defendant Jenny Ann Nelson, (Shield No. 4900) was a Detective employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Nelson in her personal and official capacities.

13. At all times material hereinafter mentioned, Defendant Doug Williams, (Shield No. 5617) was a Detective employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Williams in his personal and official capacities.

14. At all times material hereinafter mentioned, Defendant George Wolfrom, (Shield No. 24893) was a Detective employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Wolfron in his personal and official capacities.

15. At all times material hereinafter mentioned, Defendant Jorge Morel, (Shield No. 21184) was a Police Officer employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Morel in his personal and official capacities.

16. At all times material hereinafter mentioned, Defendant Frank Chiodi, (Shield No. 2201) was a Detective employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Chiodi in his personal and official capacities.

17. At all times material hereinafter mentioned, Defendant Edwin Galan, (Shield No. 5983) was a Detective employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Galan in his personal and official capacities.

18. At all times material hereinafter mentioned, Defendant Kevin Canavan, (Shield No. 13062) was a Detective employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Canavan in his personal and official capacities.

19. At all times material hereinafter mentioned, Defendant Claudio Ramirez, (Shield No. 3804) was a Sergeant employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Ramirez in his personal, official, and supervisory capacities.

20. At all times material hereinafter mentioned, Defendant Donald Boller, was a Captain employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Boller in his personal, official, and supervisory capacities.

21. At all times material hereinafter mentioned, Defendant Lieutenant Ryan, was a Lieutenant, employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Ryan in his personal, official, and supervisory capacities.

22. At all times material hereinafter mentioned, Defendant Lori Pollock, was a Deputy Inspector, employed, trained, retained by NYC and the NYPD. Plaintiffs bring this action against Pollack in her personal, official, and supervisory capacities.

23. Defendants, Brijbukhan, Nelson, Williams, Wolfrom, Morel, Chiodi, Galan, Canavan, and Ramirez, Boller, Ryan, and Pollock hereinafter collectively referred to as the "NYPD Defendants."

24. Upon information and belief, the NYPD Defendants, were at all relevant times herein, employed by NYC as Police Officers and / or Supervisory Officers of higher ranks. They are sued in both their official and individual capacities, and as Police and Supervisory Officers and Members of the NYPD.

25. At all times material hereinafter, the NYPD Defendants were acting under color of law and pursuant to their authority as police officers and supervisory officers and employees of NYC and the NYPD. All of the NYPD Defendants actions described herein are within the scope of their employment. The NYPD Defendants are State Actors.

26. Under the Charter of the City of New York, NYC is responsible for the conduct of municipal agencies such as NYPD, and as such is the legal entity responsible for implementing any legal or equitable relief ordered by the Court in this action.

### Facts

27. On November 29, 2008, plaintiffs, Katrina Hollins and her minor children, A.C. and S.W (Collectively the "Hollins") were lawfully present within a residence of

6

a family member located at 700 Euclid Avenue, Apartment 1-D, in Brooklyn, New York (the "Apartment").

28. At approximately 6:30 a.m. members of the NYPD, forcibly entered the Apartment. The entry was made without the Plaintiffs', or upon information and belief, any other persons consent.

29. As a result of the NYPD Defendants' entry into the Apartment, the Plaintiffs did not feel free to leave, and, in fact, were not free to leave.

30. The NYPD Defendants did not possess an arrest warrant for any the Hollins Plaintiffs.

31. Plaintiff were seized by the NYPD members that were present within the Apartment.

32. At various times the Hollins Plaintiffs were held at gun point by the NYPD Defendants that were present within the apartment.

33. Upon information and belief, no probable cause existed to justify the seizure or detention any of Hollins Plaintiffs. The NYPD Defendants that were members present knew that none of the Hollins Plaintiffs were the individual they claimed they were looking for, yet never the less, unreasonably seized and confined them.

34. Katrina Hollins and A.C. were handcuffed by unidentified NYPD Defendants that were present. Said handcuffing caused pain and other damage.

35. The Hollins Plaintiff's were continually confined until the NYPD Defendants who were within the Apartment left. During this time Katrina Hollins and A.C. remained handcuffed.

36. A.C. and S.W. were never charged with any crime, ticketed, or arraigned for any charges as a result of the seizures described herein.

37. Upon information and belief the NYPD Defendants present were aware that A.C. and S.W. were minors.

38. Upon information and belief, no NYPD Defendant that was present within the Apartment intervened or stopped the other NYPD Defendants from seizing A.C. and S.W. for an unreasonable amount of time.

39. Upon information and belief, no NYPD Defendant that was present intervened or stopped the other NYPD Defendants from utilizing handcuffs on A.C. for an unreasonable amount of time.

40. Upon information and belief, all of the above actions were made possible by the NYC's negligent training and negligent supervision of the NYPD Defendants. The NYPD Defendants should have been properly trained regarding the law and procedures for: the legal bases for seizing, detaining, and searching for a person in an apartment; executing and effectuating a search or arrest warrant; and the handling, custody, and care for minors by, *inter alia*, ensuring that the were either released within a reasonable period of time, that excessive force is not utilized on them, and ensuring that their state and federal constitutional, statutory, and common law rights were protected.

## FIRST CAUSE OF ACTION
## FEDERAL CLAIMS
## AGAINST INDIVIDUAL DEFENDANTS

41. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 as if repeated fully herein.

42. The NYPD Defendants violated, conspired to violate, acting in a joint venture to violate, and aided and abetted on another in the violation of Plaintiff's clearly established and well-settled federally protected rights.

43. The acts and conduct described herein deprived the plaintiffs of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§1981, 2000(d), and 3789(d) in violation of and 42 U.S.C.

§§ 1981, 1983, 2000(d), 3789d(c):

- (a) To be free of unreasonable and warrantless search and seizure of their person and effects, by police officers acting under color of law;

- (b) To be free from unreasonable detention;

- (c) To be free from excessive force and false arrest;

- (d) To be free from unreasonable application and execution of a search and or arrest warrant;

- (e) Not to be deprived of liberty without due process of law;

- (f) Not to be deprived of the right to privacy;

- (g) To be from a reckless investigation regarding probable cause for seizure.

- (h) To be free from racial discrimination;

- (i) To equal protection of the laws; and,

- (j) To be deprived of the substantive due process right to familial association.

44. The acts and conduct of NYPD Defendants described above was intentional, wanton, malicious and oppressive and/or deliberately indifferent to the rights and welfare of the plaintiffs.

45. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, physical and emotional injury, and other damages.

## SECOND CAUSE OF ACTION
## FEDERAL CLAIMS
## AGAINST SUPERVISORY DEFENDANTS

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 as if repeated fully herein.

47. Upon information and belief, defendants Ramiez, Boller, Ryan, and Pollack failed to supervise, monitor, train and discipline the NYPD Defendants under their respective commands.

48. Upon information and belief, defendants Ramiez, Boller, Ryan, and Pollack have shirked their duty to ensure that NYPD members under their control, and accountable to them, do not engage in civil rights violations and unlawful conduct.

49. Upon information and belief, the acts and conduct of defendants described above was intentional, wanton, malicious and oppressive.

50. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, physical and emotional injury, and other damages.

## THIRD CAUSE OF ACTION MONELL CLAIM – FOURTH and FOURTEENTH AMENDMENT

51. Plaintiffs repeat and reallege, each and every allegation contained in paragraphs 1 through 50 as if repeated fully herein.

52. Upon information and belief, the acts and conduct complained of herein resulted in part from a *de facto* policy or custom of the defendant NYC, implemented by employees of NYC, in the execution of warrants in public housing projects to seize, use force against, and to detain civilians without legally sufficient justification, for unreasonable amounts of time, in a racially discriminatory manner. NYC has also allowed the seizing of persons to reach productivity goals/ arrest quotas in which NYC has acquiesced in and ratified widespread unlawful practices by NYPD. Further, the acts and conduct complained of herein resulted in part from a *de facto* policy or custom of NYC, implemented by the NYPD and/or the police officers of the NYC, to allow police officers to work without proper levels of supervision and not properly investigate complaints of similar misconduct or discipline NYPD members regarding such complaints and other other information it has been made aware of.

53. Upon information and belief, the defendants acted under pretense and color of state law and in their official capacities and within the scope of their employment.

54. Upon information and belief, said acts by said defendants were without authority

in law, and were in abuse of their powers. Said defendants acted willfully, knowingly, and with specific intent to deprive plaintiffs of their constitutional rights.

55. Upon information and belief, as a result of the failure of its officials to properly recruit, train, discipline and supervise its police officers and NYC has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

56. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs suffer deprivation of their liberty, physical, and emotional injury, and other damages.

### FOURTH CAUSE OF ACTION
### STATE COMMON LAW CLAIMS
### AGAINST ALL DEFENDANTS

57. Plaintiffs repeat and reallege, each and every allegation contained in paragraphs 1 through 56 as if repeated fully herein.

58. It was the duty of defendants to obey the law and protect plaintiffs' rights. The defendants breached those duties and acted negligently.

59. The acts and conduct described herein deprived the plaintiffs of their rights under

the laws of the State of New York, to be free from;

    (a)    False Arrest,
    (b)    False imprisonment,
    (c)    Negligence,
    (d)    Negligent care, custody, and handling of a minor,
    (e)    Improper Execution of a warrant, failure to display and or file a warrant, under NY Criminal Procedure Law §690.50,
    (f)    Negligent training,
    (h)    Negligent supervision.

60. Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

61. Upon information and belief, NYPD Defendants acted within the scope of their employment at times material herein, and NYC is liable under the doctrine of *respondeat superior* for the acts of its employees, agents, and those within its control.

62. As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, physical, and emotional injury, and other damages.

## FIFTH CAUSE OF ACTION
## STATE CONSTITUTIONAL CLAIMS
## <u>AGAINST ALL DEFENDANTS</u>

63.  Plaintiffs repeat and reallege, each and every allegation contained in paragraphs 1 through 62 as if repeated fully herein.

64.  Upon information and belief, defendants violated, conspired to violate, acting in a joint venture to violate, and aided and abetted on another in the violation of plaintiff's rights under, *inter alia,* Article I sections 6, 11 and 12 of the Constitution of the State of New York, the Constitutional rights to due process, equal protection, and to be free from unlawful search and seizure,

65.  Upon information and belief, the acts and conduct of defendants described above were intentional, wanton, malicious and oppressive.

66.  As a direct and proximate result of the defendants' acts described above, defendants have caused plaintiffs to suffer deprivation of their liberty, physical, and emotional injury, and other damages.

### JURY DEMAND

67.  Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a trial by jury.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the individual defendants:

(a) full and fair compensatory damages in an amount to be determined by a jury;

(b) punitive damages in an amount to be determined by a jury;

(c) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(d) such other and further relief as appears just and proper.

And the following relief against the municipal defendant NYC in its official capacity:

(a) Assume jurisdiction over this matter, and grant a declaratory judgment as pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57, that defendants' execution of any warrant violated plaintiffs' rights under Section 690 *et seq* of the New York Criminal Procedure Law;

(b) Issue an injunction pursuant to Rule 65 requiring NYC and the NYPD to expunge and destroy, all information gathered in conjunction with plaintiffs' detention along with all other records about their seizure;

(c) full and fair compensatory damages in an amount to be determined by a jury;

(d) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(e) such other and further relief as appears just and proper.

Dated: New York, New York
       February 8, 2013

                                            Glenn A. Wolther
                                            *Attorney At Law*
                                            305 Broadway, Suite 1102
                                            New York, New York 10007
                                            Tel: (212) 964-2120
                                            *Attorney for Plaintiffs*